UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACOB J. LEW, Secretary, ) <br> Department of the Treasury, ) <br> ) <br> Defendant. ) | Case No. 4:13CV2481 SNLJ |

# **MEMORANDUM AND ORDER**

Plaintiff Patricia Taylor filed this employment discrimination matter against her former employer. Defendant has moved to dismiss, or, in the alternative, for summary judgment (#21) on May 22, 2014. Plaintiff filed a "Motion to Add Doctor Information and Motion to Request Reconsideration from Court for Additional Time and/or Request for Pro Bono Attorney" (#25) on May 30, 2014. Plaintiff also filed a "Memorandum to the Court and Attorney Shaw with Questions Questions and More Questions" (#27) on May 30. Finally, plaintiff also filed a "Motion for Clarification of Pro Se Status and Motion that Case Not Be Dismissed Because of Pro Se Status" (#26) on May 30.

**I.    Background**

According to the complaint, plaintiff was fired after she asked for and was denied time off to receive medical treatment. She also alleges that her immediate supervisor made fun of her and refused to accommodate her disability. She states that she complained to his supervisor and "requested to go to the union" but that she was "told as

a probationary employee [that she] had no right to union representation." (#1 at 5.) Plaintiff does not identify her disability in her complaint, but she states that she had 20 hours of sick leave time available to her, but that she was still terminated from her job.

Plaintiff filed her discrimination lawsuit against Jacob Lew as Secretary of the Department of the Treasury under (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, (2) Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. ("ADEA"), for employment discrimination on the basis of age, (3) American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA"), for employment discrimination on the basis of disability, and (4) Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

The defendant's motion, which attaches the documents related to plaintiff's termination and administrative discrimination charges, indicates that plaintiff worked for the Internal Revenue Service ("IRS") in St. Louis. Her start date was October 1, 2009, and she was terminated by letter on April 14, 2010. The letter stated that she was fired because she failed to perform at an acceptable level in her customer service position and that she had 71.2 hours of "absence without leave" ("AWOL") between March 12 and April 9, 2010.

Plaintiff filed a complaint of discrimination with the Department of the Treasury on May 21, 2010. On June 17, 2010 defendant sent plaintiff a letter accepting and

summarizing its understanding of her May 21, 2010 complaint. On June 29, 2010, defendant sent a second letter to plaintiff revising its June 17, 2010 letter consistent with plaintiff's comments and revisions expressed during telephone conversations and an email from plaintiff dated June 29, 2010. Plaintiff's complaints at that stage were as follows:

    1.    Was Plaintiff discriminated against on the basis of disability[1] and retaliation for filing a union grievance when, on or about February 26, 2010, she was allegedly denied reasonable accommodations of time off to attend therapy sessions despite submitting the required documents?

    2.    Was Plaintiff subjected to a hostile work environment on the basis of disability and retaliation for filing a union grievance? In support of this claim, plaintiff alleged (a) her requests for additional training and a different instructor were denied, (b) she was noted as AWOL despite allegedly providing requisite forms and doctor statements, (c) she was required to complete forms for reasonable accomodations to take her desk fan to her work area when other employees were not required to do so, (d) she was written up for breaching security when a contractor spontaneously offered to adjust her chair, (e) she

---

[1] Plaintiff initially checked the box indicating she was alleging age discrimination on her Complaint of Employment Discrimination, but scratched through the check mark. At first, the IRS erroneously included allegations of age discrimination in its summary acceptance letters to plaintiff, but on June 29, 2010, plaintiff sent an email that did not include age as a basis for her discrimination claim. (#23-4.) Further, plaintiff's September 5, 2010 email states she was not alleging age discrimination, but rather that she was discriminated against based on her disability and for filing a union grievance. (#23-5.)

received a negative performance review at her desk while speaking with taxpayers, was pressured to sign, and was denied the opportunity to discuss it, (f) she was denied immediate medical attention despite documentation that her blood pressure was elevated, and (g) she was terminated from her position.

Defendant issued its Final Agency Decision ("FAD") on November 4, 2010, finding that no discrimination or retaliation had occurred. The FAD was mailed by certified mail to plaintiff, and she received it in November 2010 --- the date stamp on the certified mail receipt is hard to read, but it clearly says "NOV" as the month, and it appears to state "NOV 27." The "27" is written over in handwritten pen.

Plaintiff filed a Notice of Appeal ("NOA") with the United States Equal Employment Opportunity Commission ("EEOC"). She faxed the NOA with a cover sheet that stated the date was January 1, 2011, but the NOA was actually faxed on January 2. Plaintiff mailed a copy of the NOA on January 3.

Plaintiff filed her complaint in this Court on December 11, 2013. She indicated she sought relief for racial discrimination under the Civil Rights Act, for age discrimination under the ADEA, and for disability discrimination under the ADA and Rehabilitation Act. She also indicates that she was discriminated against because of her religion. Defendant has moved to dismiss or in the alternative for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56.

## II. Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally

4

flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Motions to dismiss based on Rule 12(b)(1) may either facially attack plaintiff's allegations or present evidence to challenge the factual basis on which subject matter jurisdiction rests. *Jessie v. Potter*, 516 F.3d 709, 712-13 (8th Cir. 2008). "Judicial economy demands" that the threshold question of jurisdiction be decided as early as feasible. *Id.* at 729. Plaintiff carries the burden of proof that jurisdiction exists, and a court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990).

When ruling on a motion to dismiss, "a district court generally may not consider materials outside the pleadings…. It may, however, consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced

5

by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (internal citation and quotation to *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999) omitted). In addition, "matters of administrative record referenced in the complaint may also be taken into account" without converting the motion to a motion for summary judgment. *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000); *see also Bommarito v. Vilsack*, 4:11CV423 FRB, 2012 WL 786232, n.4 (E.D. Mo. Mar. 9, 2012).

**III.  Discussion**

Defendant moves for dismissal of each of plaintiff's discrimination claims.

**A.  Race, Age, and Religion Discrimination Claims**

Title VII of the Civil Rights Act of 1964 provides the exclusive judicial remedy for race or religion discrimination claims made by federal employees. Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976). The Act requires a federal employee to contact an EEO counselor within 45 days of an alleged discriminatory act or the personnel action and timely bring a formal complaint. Jensen v. Henderson, 315 F.3d 854, 858 (8th Cir. 2002); 29 C.F.R. § 1614.105(a)(1). "The sweep of any subsequent judicial complaint may be only as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1025 (8th Cir. 2004). Plaintiff must therefore have included in her EEOC complaint all the claims she makes here. Plaintiff did not include any claim about

6

religion or race discrimination in her EEOC complaint, and, thus, having failed to administratively exhaust those claims, she may not pursue such claims in this Court.

Similarly, age discrimination claims pursuant to the ADEA must be administratively exhausted before a plaintiff may file a claim in federal court. Plaintiff did not include age discrimination in her EEOC complaint (she checked the "box" for age discrimination but crossed it out, and she later affirmatively stated that she was not making an age discrimination claim during administrative proceedings). She has therefore failed to administratively exhaust those claims and may not pursue that claim here.

**B.     Disability Claim under the ADA**

Plaintiff purports to bring a disability claim under the ADA. However, the ADA does not provide for a cause of action for disability discrimination against the federal government. *See* 42 U.S.C. § 12111(5)(B)(i); *Hudacek v. Shinseki*, 4:09CV00312 ERW, 2010 WL 1685850 (E.D. Mo. Apr. 26, 2010). Such claims are cognizable under the Rehabilitation Act, and plaintiff has made a disability claim under the Rehabilitation Act as well. Plaintiff's claim under the ADA will be dismissed.

**C.     Disability, Retaliation, Hostile Work Environment Claims**

Plaintiff did raise claims for disability discrimination, hostile work environment based on disability, and retaliation in her original filing with the EEOC. However, plaintiff was required to administratively exhaust those claims, which included timely appeals of administrative decisions. *Norris v. Salazar*, 885 F. Supp. 2d 402, 418 (D.D.C. 2012) *aff'd*, No. 12-5288, 2013 WL 1733645 (D.C. Cir. Apr. 10, 2013) (dismissing for

7

failure to exhaust where administrative decision was not timely appealed). Defendant issued its Final Agency Decision ("FAD") on November 4, 2010. Plaintiff had 30 days from her receipt of that decision to file her Notice of Appeal ("NOA"). As explained above, plaintiff received the FAD by Certified Mail sometime in November 2010 (the month clearly says "NOV" and the day is faded but appears to say 27). Plaintiff did not file her NOA until January --- her fax cover sheet states January 1, defendant says it was actually faxed on January 2, and she mailed it on January 3, 2011. Plaintiff alleges in her complaint she did not receive the FAD until December 1, but --- even if that were true --- the deadline for filing her NOA would have been December 31. It is therefore apparent even on the face of plaintiff's complaint that her appeal was not timely filed, and she therefore did not exhaust her administrative remedies. Her case must be dismissed.

### D. Other Motions

The Court notes that although plaintiff has filed documents with the Court since the defendant filed its motion to dismiss, she does not substantively respond to the motion to dismiss in any way. Rather, plaintiff requests that the Court not dismiss her case as a result of her being unrepresented. Plaintiff emphasizes that she is not pro se by choice, but, rather, that she has been unable to find an attorney who will take on her case. Plaintiff also states she considered requesting that she be appointed a guardian ad litem, but she expresses concerns about what the would mean for her case. She also filed a letter from her doctor stating that due to her disability, she requires a great deal of sleep, and she should therefore be permitted extra time in which to file documents with the

8

Court.  Although plaintiff's case is being dismissed, the Court reiterates that the dismissal is not due to plaintiff's pro se status.  Rather, the Court is bound to follow the law which requires that all federal employees fully and appropriately exhaust administrative remedies before filing a lawsuit.  Because plaintiff has not done so here, her case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#21) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Add Doctor Information and Motion to Request Reconsideration from Court for Additional Time and/or Request for Pro Bono Attorney" (#25) and "Motion for Clarification of Pro Se Status and Motion that Case Not Be Dismissed Because of Pro Se Status" (#26) are **DENIED** as moot.

Dated this 23rd day of September, 2014.

_____
STEPHEN N.  LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE